**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **SHAN CHILCOTT,** )<br>    **Plaintiff** )<br> )<br>vs. )<br> )<br>**DOMESTIC RELATIONS SECTION, et al.** )<br>    **Defendants.** ) | **C.A.No. 05-225 Erie<br>District Judge Cohill<br>Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I      RECOMMENDATION**

It is respectfully recommended that the motions to dismiss filed by Defendant Erie County Prison [Document # 51 and 53] be granted and the motion to dismiss filed by Defendants Root and Goring [Document # 58] be denied.

**II      REPORT**

    **A.      Procedural History**

Plaintiff, Shan Chilcott, formerly detained at the Erie County Prison, in Erie, Pennsylvania, filed this civil rights action. Plaintiff names the Erie County Prison, as well as correctional officers Root and Goring, as Defendants[1] and alleges that these Defendants have violated his Fourth, Fifth, Sixth, Seventh, Eighth and Fourteenth Amendment rights. More specifically, in his original complaint, Plaintiff alleges, in pertinent part:

> "3)   Erie County Prison is refusing to provide me with medical attention.
>
> 4)    On May 22, 2005, Sandy Kennedy informed me that her brother the gaurd [sic] at Erie County Prison was going to teach me for messing with their

---

[1] Plaintiff originally named other Defendants who have previously been dismissed from this action. See Documents ## 46 and 56.

1

> family. On May 23, 2005, Dennis Coan pre-release supervisor did assault [sic] and threaten me and aprove [sic] returning to Erie County Prison to the RHU unit under the direct care of Cliff Root, Sandy Kennedy's brother. A campain [sic] of harassment has been going on since that day of May 23, 2005 till present."

Document # 3, page 2. And, in his amended complaint, Plaintiff alleges:

> Erie County Prison Officer Root, Corporal Goring there was a campain [sic] of harrasment [sic] from 4-1-05 to 10-24-05. I'll list major incedents [sic]: May 23 Dennis Coan[2] assulted [sic] and threated [sic] me. July 3 Officer Root threatened me and tryed [sic] to get me to sing [sic] my parenting rights to his sister[3]. On Sept 6 Officer Root and Corparel Goring with threats and coerction had me sing [sic] a deed over to Officer Roots sister and his brother-in-law.

Document # 40, page 2. Plaintiff further contends that he was repeatedly denied grievance forms by both an unnamed counselor and Defendant Goring. Plaintiff seeks injunctive relief[4] in order to obtain medical treatment and the end of the harassment (Document # 3), as well as "monetary and punitive relief" (Document # 40).

Defendants Erie County Prison, Root and Goring have filed motions to dismiss. Despite being given the opportunity to do so, Plaintiff has not responded to the pending motions. The issues are ripe for disposition by this Court.

### B.   Standards of Review

#### 1.   *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting

---

[2]   Dennis Coan has not been named as a defendant in this action in either the original or the amended complaints.

[3]   Officer Root's sister, Dawn Marie Root, is the mother of Plaintiff's child.

[4]   Since the filing of this lawsuit, Plaintiff has been released from the Erie County Prison and therefore, his requests for injunctive relief have become moot.

Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

        **2.**    **Motion to dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976).  The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).  Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief.  Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### 3. Motion for summary judgment

Defendants Goring and Root have submitted affidavits in support of their motion to dismiss. Therefore, this Court will convert the motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Burns v. Harris County Bail Bond Bd., 139 F.3d 513, 517 (5th Cir.1998). ("When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment."); Greer v. Smith, 2003 WL 1090708, *1 (3d Cir. (Pa.) March 10, 2003) ("the District Court considered material outside of the pleadings and, therefore, should have converted the motion for dismissal to a summary judgment motion, allowing the plaintiff an opportunity for appropriate discovery and a reasonable opportunity to present all material made pertinent to the motion.").

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Co., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation

continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Co. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C.   Defendant Erie County Prison

Defendant Erie County Prison moves to dismiss on the basis on sovereign immunity.

In order to establish liability under § 1983, plaintiff must show that: (1) he was deprived of rights secured by United States Constitution or laws of United States, and (2) he was subjected or caused to be subjected to constitutional deprivation by person acting under color of state law. 42 U.S.C.A. § 1983.

Plaintiff seeks damages from the Erie County Prison. The Eleventh Amendment

5

proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities. Laskaris v. Thornburgh, 661 F.2d 23 (3d Cir. 1981) (Pennsylvania); Mt. Healthy City Board of Education v. Doyle, 429 U.S. 274 (1977) (state agencies); Edelman v. Jordan, 415 U.S. 651 (1974) (state employees acting in their official capacity).  The only ways that a state may be sued in federal court are if (1) the state has waived its Eleventh Amendment immunity (Kentucky v. Graham, 473 U.S. 159 (1985)), or (2) Congress has made it unmistakably clear in either the language of a statute or in its legislative history that it is its intention to permit such suits (Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001)).  Thus, unless Erie County Prison has consented to suit here or the Congress has expressly abrogated this institution's Eleventh Amendment immunity, neither of which has occurred, this case should be dismissed against the prison.

In addition, entities acting under color of state law cannot be held liable under 42 U.S.C. § 1983 on a *respondeat superior* theory.  Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating the her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).  To state a viable claim under section 1983 against Erie County Prison, Plaintiff must allege that he was injured as the result of a "policy or custom" of this entity-defendant. Monell, 436 U.S. 691.  A "[p]olicy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action' issues an official proclamation, policy or edict." Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).  A custom "can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990).  Plaintiffs' complaint contains no allegations that a custom or policy of the prison led to any claimed injuries.  The prison is named as defendant

6

simply as the entity-in-charge and thus, Plaintiff's complaint fails to state a claim upon which relief may be granted.

Therefore, Defendant Erie County Prison should be dismissed from this action.

### D. Defendants Goring and Root

Defendants Goring and Root argue that this case should be dismissed because Plaintiff has suffered "no loss of a constitutionally protected right." Defendants make much of the fact that despite the harassment by Defendants and other prison personnel, Plaintiff's property rights were reinstated after thirty days and Plaintiff's parental rights always remained intact.

However, Defendants miss the point. Plaintiff alleges that he suffered a continuous and on-going pattern of harassment at the hands of Defendants from April through October of 2005 and that Defendants harassed and coerced him into terminating his property rights. The issue is not whether Plaintiff's property rights were revived after a short period of time or whether his parental rights remained intact. Instead, the issue is whether Plaintiff should have been subjected to this type of harassment and coercion for seven months at the hands of his jailors. See generally Boxer X v. Harris, ___ F.3d ___, ___, 2006 WL 2271270, at * 2 (11th Cir. August 9, 2006) ("A prisoner asserting an Eighth Amendment claim must demonstrate that the prison guard 'acted with a sufficiently culpable state of mind,' Wilson v. Seiter, 501 U.S. 294, 297 (1991), and that 'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.' Hudson v. McMillian, 503 U.S. 1, 8 (1992).").

Accordingly, the motion to dismiss or for summary judgment filed by Defendants Goring and Root should be denied.

## III   CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motions to dismiss filed by Defendant Erie County Prison [Document # 51 and 53] be granted and the motion to dismiss filed by Defendants Root and Goring [Document # 58] be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief United States Magistrate Judge

Dated: September 25 , 2006