IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAN CHILCOTT,  )
    Plaintiff )
 )
vs. ) C.A.No. 05-225 Erie
 ) District Judge Cohill
DOMESTIC RELATIONS SECTION, et al. ) Magistrate Judge Baxter
    Defendants. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I     RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [Document # 92] be denied.

**II     REPORT**

    **A.     Procedural History**

Plaintiff Shan Chilcott, formerly incarcerated at the Erie County Prison, in Erie, Pennsylvania, filed this civil rights action. Plaintiff has sued Erie County Prison correctional officers Root and Goring and alleges that these Defendants have violated his constitutional rights. More specifically, in his original complaint, Plaintiff alleges, in pertinent part:

> 4) On May 22, 2005, Sandy Kennedy informed me that her brother the gaurd [sic] at Erie County Prison was going to teach me for messing with their family. On May 23, 2005, Dennis Coan pre-release supervisor did assalt [sic] and threaten me and aprove [sic] returning [me] to Erie County Prison to the RHU unit under the direct care of Cliff Root, Sandy Kennedy's brother. A campain [sic] of harassment has been going on since that day of May 23, 2005 till present."

Document # 3, page 2. And, in his amended complaint, Plaintiff alleges:

> Erie County Prison Officer Root, Corporal Goring there was a campain [sic] of

1

> harrasment [sic] from 4-1-05 to 10-24-05. I'll list major incedents [sic]: May 23 Dennis Coan[1] assulted [sic] and threated [sic] me. July 3 Officer Root threatened me and tryed [sic] to get me to sing [sic] my parenting rights to his sister[2]. On Sept 6 Officer Root and Corparel Goring with threats and coerction had me sing [sic] a deed over to Officer Roots sister and his brother-in-law.

Document # 40, page 2. In his Opposition Brief, Plaintiff further explains that Defendant Root was responsible for the termination of Plaintiff's placement in the work release program as Defendant Root lied to the supervisor telling him that Plaintiff was violating the terms of a court order during the time he was on work release. Document # 95; Document # 94, Deposition of Plaintiff, pages 42-45. Plaintiff seeks monetary relief for the violation of his constitutional rights.

Defendants Root and Goring have filed a motion for summary judgment. Plaintiff has filed a brief in opposition. Document # 95. The issues are ripe for disposition by this Court.

### B. Standards of Review

#### 1. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a

---

[1] Dennis Coan, Plaintiff's supervisor in the work release program, has not been named as a defendant in this action in either the original or the amended complaints.

[2] Officer Root's sister, Dawn Marie Root, is the mother of Plaintiff's child.

prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### 2. Motion for summary judgment

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Correctional Officer., 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting

3

Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Correctional Officer. v Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Correctional Officer. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 247-249.

### C. Argument and Analysis

Defendants Goring and Root argue that this case should be dismissed because Plaintiff has suffered "no loss of a constitutionally protected right." Defendants argue that despite the harassment by Defendants and other prison personnel, Plaintiff's property rights were reinstated after thirty days and Plaintiff's parental rights have always remained intact. Defendants also make much of the complex family history between Defendant Root and Plaintiff.

As the undersigned has previously indicated Defendants miss the point of this case. Plaintiff alleges that his Eighth Amendment rights have been violated in that he suffered a

4

continuous and on-going pattern of harassment at the hands of these Defendants from April through October of 2005; that Defendants harassed and coerced him into terminating his property rights; and Defendants attempted to coerce him into terminating his parental rights. The issue is not whether Plaintiff's property rights were revived after a short period of time or whether his parental rights remained intact.

At a bare minimum, the record establishes that Plaintiff was presented with a quitclaim deed for signature by Defendant Root during the time that Defendant Root was a guard at the facility in which Plaintiff was incarcerated. Document # 95-2, pages 2-5, Investigation of Deputy Warden Vincent Kinnane; Document # 95-2, page 9, Defendant Root's Report. It will be for a jury to decide whether the course of conduct engaged in by Defendants violates the Eighth Amendment's prohibition against cruel and unusual punishment. See generally Boxer X v. Harris, 459 F.3d 1114, 1115 (11th Cir. 2006) ("A prisoner asserting an Eighth Amendment claim must demonstrate that the prison guard 'acted with a sufficiently culpable state of mind,' Wilson v. Seiter, 501 U.S. 294, 297 (1991), and that 'the alleged wrongdoing was objectively harmful enough to establish a constitutional violation.' Hudson v. McMillian, 503 U.S. 1, 8 (1992).").

Defendants' motion for summary judgment should be denied.

### III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for summary judgment [Document # 92] be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

5

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: December 14, 2007