IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAN CHILCOTT,             )
                           )
        Plaintiff,         )
                           )
    v.                     )    C.A. No. 05-225 Erie
                           )
CLIFF ROOT and CORPORAL GORING, )
                           )
        Defendants.        )

## MEMORANDUM OPINION AND ORDER

This case arises out of the incarceration of the pro se plaintiff, Shan Chilcott, in the Erie County Prison. Plaintiff alleges that Erie County Prison correctional officers Cliff Root and Goring violated his civil rights by conducting a campaign of harassment, threats and coercion against him.

Presently pending before the Court is a motion for summary judgment filed on behalf of defendants, and the plaintiff's response thereto. Plaintiff's complaint was referred to a federal magistrate for report and recommendation ("R&R") in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1). On December 14, 2007, Chief United States Magistrate Susan Paradise Baxter issued an R&R in which she recommended that the defendants' motion for summary judgment be denied. The defendants have filed their objections to the R&R.

For the reasons stated herein, we will overrule the magistrates R&R and will grant the motion for summary judgment on behalf of the defendants.

### I. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In reviewing the evidence, facts and inferences must be viewed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co.,

1

Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment must be entered in favor of the moving party "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party. . . ." Id. at 586-87 (citations omitted).

On motion for summary judgment, the moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To defeat summary judgment, the non-moving party must respond with facts of record that contradict the facts identified by the movant and may not rest on mere denials. Id. at 317, quoting Fed. R. Civ. P. 56(e)); see First Nat'l Bank of Pennsylvania v. Lincoln Nat'l Life Ins. Co., 824 F.2d 277, 282 (3d Cir.1987). The non-moving party must demonstrate the existence of evidence that would support a jury finding in its favor. See Anderson v. Liberty Lobby, 477 U.S. 242, 248-49 (1986).

## II. STATEMENT OF FACTS

The basic facts are not in dispute, unless otherwise noted. The plaintiff was incarcerated in the Erie County Prison in 1995 after being sentenced to two years imprisonment for failure to satisfy his obligations to support a child. According to the plaintiff, he suffered a continuous and on-going pattern of harassment at the hands of the defendants from April through October 2005. During his deposition, plaintiff was asked to identify each specific incident which formed a part of the "campaign of harassment." He explained that the defendants harassed and coerced him into terminating his property rights and also attempted to coerce him into terminating his parental rights. Indeed, the record establishes that plaintiff was presented with a quitclaim deed for signature by defendant Root during the time that defendant Root was a prison guard. However, plaintiff's interest was restored after 30 days and before he was deprived of possession, occupancy or other use of the premises. At the time that Officer Root instructed Mr. Chilcott to sign the quit claim deed to the property jointly owned with a third party, Corporal Goring was not a part of the conversation. Corporal Goring stopped the plaintiff as he walked away from Officer Root because plaintiff had

2

not been dismissed by the correction officer.

Plaintiff testified that during a separate, five minute conversation, Officer Root attempted to coerce him into signing his parental rights to his son over to another person. During the conversation, Officer Root stated that he had connections with the judge and that he could write a letter to perhaps have Mr. Chilcott released from incarceration sooner. Plaintiff refused to do so. There is no dispute that plaintiff's parental rights have remained intact.

Finally, plaintiff identified a third incident which occurred at the conclusion of his incarceration as he was being discharged from the Erie County Prison. Corporal Goring, according to the plaintiff, walked within a foot or two of plaintiff and told him in a raised voice to stop staring at him.

During his deposition plaintiff admitted that none of the individual incidents consumed more than five minutes over the six month period of time he was an inmate. He also admitted that at no time during any of these three incidents did either defendant make any physical contact with him. He also admitted (although we note this is a legal opinion elicited from a layman) that he had suffered no loss or deprivation of any liberty or property interest as a result of these incidents.

## III. DISCUSSION

Though we have given plaintiff's pro se pleadings the most liberal reading, and have construed all allegations and evidence in the light most favorable to him as the non-moving party on this motion for summary judgment, we will grant summary judgment in favor of the defendants.

In order to prevail on a § 1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).

It is well established that verbal abuse or threats alone do not state a constitutional claim. Johnson v. Glick, 481 F.2d 1028, 1033 n. 7 (2d Cir. 1973) (overruled on other grounds) Wright v. O'Hara, 2002 WL 1870479 (E.D. Pa. 2002), citing Maclean v. Secor, 876 F. Supp. 695, 698 (E.D.

3

Pa. 1995). "This is so because '[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment.'" Ramos v. Vaughn, 1995 WL 386573 *4 (E.D. Pa. June 27, 1995), quoting Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987).

In Wright, the court held that plaintiff had failed to state a claim for violation of his Eighth Amendment rights, wherein he alleged that defendant prison guards harassed him by being verbally abusive and threatening to charge him with misconduct. He also failed to state a claim when he alleged that another defendant guard threatened him with "punishment and arrest" if he did not submit to DNA testing. Wright, 2002 WL 1870479 *6. Similarly, in Kirk v. Roan, the court dismissed plaintiff's complaint for failure to state a claim although he alleged that he was subjected to chronic verbal and sexual harassment by prison guards. 2006 WL 2645154 (M.D. Pa. Sept. 14, 2006). Of course, verbal harassment or threats, with some reinforcing act accompanying them, may state a constitutional claim. Northington v. Jackson, 973 F.2d 1518 (10th Cir. 1992)(concerning a guard who put a revolver to the inmate's head and threatened to shoot); Douglas v. Marino, 684 F. Supp. 395 (D. N.J. 1988) (involving a prison employee who threatened an inmate with a knife).

After reviewing the relevant case law, we agree with the defendants that the evidence fails to support plaintiff's allegations of a campaign of harassment, threats or coercion as would rise to constitutional significance and fails to show that he sustained any loss of liberty or property which the constitution was intended to protect or redress. Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1986). The law requires that plaintiff show that he was deprived of a right, privilege or immunity guaranteed by the constitution; instead, he has shown that – at most – he suffered de minimus injury from improper behavior on the part of the guards.

## IV. CONCLUSION

For all of the aforementioned reasons, we will grant the motions for summary judgment filed on behalf of the defendants.

4

## ORDER

AND NOW, to-wit, this **20th** day of February, 2008, for the reasons stated herein, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.) The magistrate's Report and Recommendation dated December 14, 2007 (Doc. 96) shall be overruled and that R&R shall not be adopted as the opinion of this Court; and furthermore,

2.) The Motion for Summary Judgment filed on behalf of defendants Cliff Root and Corporal Goring (Doc. 92) be and the same is hereby GRANTED; and

3.) Judgment is hereby entered in favor of the defendants Cliff Root and Corporal Goring and against the plaintiff. The Clerk of Court is hereby ordered to mark this case as closed.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Senior Judge

cc: record counsel